JOHN J. NELIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nelis v. Commissioner
Docket No. 4043-77.
United States Tax Court
T.C. Memo 1979-42; 1979 Tax Ct. Memo LEXIS 488; 38 T.C.M. (CCH) 161; T.C.M. (RIA) 79042; January 29, 1979, Filed *488 Carolyn Boyer, for respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing and disposition of respondent's motion for summary judgment. The Court approves and adopts his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment. The motion came on for hearing at the Motions Session on December 20, 1978. There was no appearance by or on behalf of petitioner; however, petitioner had filed on December 19, 1978, an answer to respondent's motion. Respondent appeared by his counsel and argued in support of his motion. At the conclusion of the hearing the motion was taken under advisement. Respondent determined deficiencies of $ 1,432.95 and $ 1,060.10 in petitioner's Federal income taxes for the years 1973 and 1974, respectively. In the notice of deficiency respondent increased taxable income for the following items which were not reported as taxable income on petitioner's tax returns: 1973
1974
Wages
$ 12,766.89
$ 13,304.40
Interest
0
15.78
*489 The above amounts, however, were reported (incorrectly, respondent asserts) on Form 1041 for certain trusts created by petitioner. Petitioner reported (incorrectly, respondent asserts) on his Federal income tax returns the following amounts which he purportedly received from the above-mentioned trusts: 1973
1974
Business Income
$ 5,542.99
$ 7,205.30 Respondent decreased petitioner's taxable income by these amounts. Rule 121 of Tax Court Rules of Practice and Procedure, which was adopted from the long-standing Rule 56 of the Federal Rules of Civil Procedure, provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact for decision. The summary judgment procedure is available even though there is a dispute as to fact under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issues of material fact exist. We have examined the copies of the Forms 1041 for the J-J-N Transport (A Trust) family trust and the John J. Nelis Organization (A Trust) family trust for 1973 and *490 1974 as well as copies of petitioner's 1973 and 1974 Federal income tax returns. We have also examined copies of the declaration of trust for the trusts under consideration. We have concluded that no genuine issues of material fact are present in this case. The legal issue for decision in this case is whether the purported conveyance by petitioner of his lifetime services to family trusts was effective to shift the incidence of taxation on amounts representing compensation to him but paid to the trusts. On facts substantially the same as those involved here we have recently held that such purported conveyances were simply an assignment of income and ineffective to shift the tax burden thereon from the taxpayer to the trusts there involved. Wesenberg v. Commissioner,69 T.C. 1005 (1978). See also Morgan v. Commissioner,T.C. Memo. 1978-401; Damm v. Commissioner,T.C. Memo. 1977-194; and Horvat v. Commissioner,T.C. Memo. 1977-104, affd. by unpublished order (7th Cir. 1978). In these cases, involving trust documents substantially identical to the documents involved here, we held for the Commissioner. We think *491 the same result should apply to the $ 15.78 of interest income for 1974. Since there are no genuine issues of material fact present in this case, and since the respondent has demonstrated that he is entitled to prevail as a matter of law, it follows that respondent's motion should be granted. An order will be entered.